Wilde J.
afterward drew up the opinion of the Court. The plaintiffs claim of the defendant a certain sum of money collected by Fiske, an attorney at law, and to which it appears they were by law entitled. The money remained in Fiske’s hands for some time, when it was claimed by the defendant, but without authority; and thereupon Fiske paid him a small *97 sum m cash, and gave him a note for the balance. This note has never been paid or demanded. It does not certainly appear whether it was negotiable or not, but the impression on Fiske’s mind is that it was.
The first objection made to the plaintiffs’ recovery is, that an action of money had and received will not lie except for the small amount actually paid in cash. But this objection cannot be maintained. The defendant undertook to discharge a debt due to the plaintiffs, and they may now elect to consider him as their agent, and by thus electing they discharge Fiske from his liability to them. That the note was received in payment by the defendant appears by the receipt given at the time, and by his acknowledging his liability to the plaintiffs, by his payment of a part of the demand, and by his express promise to pay the balance.[1]
But the main objection to the action is, that the plaintiffs’ demand grew out of a fraudulent and illegal transaction ; and certainly, if the plaintiffs’ demand arises ex turpi causa, or is founded on an illegal act, the Court will not lend its aid in support of the action.
The answer given to this objection is, that whatever fraud there was in the original transaction, it was between other parties, and in which the plaintiffs did not participate. And perhaps this is a sufficient answer. Another answer is, that the original transaction was not illegal. The most that can be urged against it is, that it was voidable by creditors ; but it was valid between the parties, and is binding as to every one, except he is a creditor.[2] This answer seems to be conclusive, for the defendant is not a creditor, and as to him, therefore, the original transaction is free from any taint of fraud or illegality.
According to the agreement of the parties the defendant must be defaulted.

 See Chitty on Contr. (4th Am. ed.) 482, and note 1; Butterfield v. Hartshorn, 7 N. Hamp. R. 345; Heaton v. Angier, 7 N. Hamp. R. 397.

 See Chitty on Contr. (4th Am. ed.) 327; Long on Sales, (Rand’s ed) 117,124.